IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Cynthia M. Jackson, ) | |
| ) | Civil Action No. 8:06-1760-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Morningside Assisted Living; ) | |
| Karen Bowman; and Dawn Anderson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the motion of defendants Karen Bowman and Dawn Anderson to be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) and (b)(6). In her complaint, the plaintiff, who is proceeding *pro se*, alleges that her employer, Morningside Assisted Living ("Morningside"), discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended. In addition to her employer, the plaintiff has also named Karen Bowman, identified as the Chief Executive of defendant Morningside, and Dawn Anderson, identified as the Nurse Supervisor at Morningside, as individual defendants in this action.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Defendants Bowman and Anderson filed their motion to dismiss on July 17, 2006. By order filed on July 18, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motion on July 20, 2006.

A Title VII claim can be asserted only against an employer and cannot be asserted against individual supervisors. *See Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). In *Lissau*, the Fourth Circuit Court of Appeals explained that individuals cannot be held liable in civil suits under Title VII because the language in the Title VII definition of "employer"[1] was intended to make employers responsible for the acts of those who were the employer's agents, rather than to extend personal liability to those agents. *Id.* at 180.

Based upon the foregoing, it is recommended that the motion to dismiss be granted and Bowman and Anderson be dismissed from the action.

IT IS SO ORDERED.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 24, 2006

Greenville, South Carolina

---

[1] Title VII defines "employer" to include certain persons who employ 15 or more workers and "any agent of such a person." 42 U.S.C. §2000e(b).