IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Cynthia M. Jackson, ) | |
| ) | Civil Action No. 8:06-1760-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Morningside Assisted Living, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In her complaint, the plaintiff, who is proceeding *pro se*, alleges that her former employer, Morningside Assisted Living ("Morningside"), discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On January 26, 2007, the defendant moved to dismiss this case for failure to prosecute. By order filed on January 29, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff filed a response to the defendant's motion on March 7, 2007. By order of this court filed March 13, 2007, the plaintiff was given a final opportunity to appear for her deposition as noticed. The plaintiff was advised that if she failed to appear, the court would recommend dismissal of her action for lack of prosecution. The plaintiff was also directed to pay reasonable expenses, including attorney's fees, incurred by her failure to appear for her deposition.

The plaintiff's deposition was rescheduled for May 18, 2007, and when the plaintiff failed to appear as scheduled, the defendant filed a second motion for dismissal for failure to prosecute. By order filed May 21, 2007, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. The plaintiff has elected not to respond.

The plaintiff has failed to file answers to Rule 26 and Local Rule 26.01 interrogatories, has not requested any discovery from the defendant, has not named any experts or records custodians, has failed to appear on two occasions for her deposition, and has advised defense counsel that she will not be able to appear at any other time for her deposition and that she is unable to pay the attorney's fee award.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 28, 2007

Greenville, South Carolina